UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REV. WILLIE McCRANIE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-312 CAS |
| ) | |
| STEVE LARKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Susie Boyer, Kathy Barton, and Elizabeth Conley's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion and filed a response memorandum. Defendants did not file a reply memorandum, and the time to so has expired. Therefore, the motion is ripe for review. For the following reasons, the Court will grant, in part, and deny, in part, defendants' motion.

**Background**

Plaintiff Rev. Willie-McCranie-El brings his claims pursuant to 42 U.S.C. § 1982 for violations of his civil rights. Plaintiff, who is a state prisoner, brings his claims against a number of officers and medical personnel of the Missouri Department of Corrections for violation of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment. In his second amended complaint[1] (hereinafter referred to as complaint), plaintiff alleges that on March 10, 2008, he was seated peacefully in his cell alone when without provocation or warning

---

[1] Plaintiff originally filed a pro se complaint on February 22, 2010. On June 24, 2010, the Court granted plaintiff's motion for appointment of counsel. Plaintiff's counsel filed an amended complaint on July 23, 2010, and a second amended complaint on August 11, 2010.

defendants Clayton M. Agnew, CO1 Brawley, Kevin P. Boyer, Karen Madison, and Melissa Blyze entered his cell and began spraying him with pepper spray. Plaintiff alleges that he was soaked in pepper spray. He also alleges that he was forced to the ground and severely beaten by one of more of these five defendants. Following the alleged assault and battery, plaintiff contends that he was chained to a steel restraining bench outside his cell, and a "spit net" was placed over his head. He alleges that at the time he had visible injuries, including a cut over his left eye, and two visibly disfigured fingers, and he was bleeding from his nose and mouth. Plaintiff maintains that he asked to be seen by a medical doctor for pain all over his body. He contends he was told by defendant Blyze that he would receive no medical treatment.

According to the complaint, plaintiff was eventually examined by defendant Susie Boyer, a nurse on the prison medical staff. Plaintiff contends that the only so-called "treatment" he received from defendant Boyer was that she removed the spit net and wiped some of the blood and pepper spray from his face. He did not receive pain medication and no further examination was made.

Plaintiff alleges that he was not permitted to shower to remove the pepper spray from his body, and was given neither a fresh set of clothes nor bed linens. Plaintiff maintains that after defendant Boyer's brief examination, Boyer and the five other aforementioned defendants again placed the spit net over his face and left the area because their shifts were over. Plaintiff contends that he remained chained to the restraining bench for approximate two hours until he was placed back into his cell by other officers.

Two days following the alleged incident, plaintiff visited the prison medical department for a previously-scheduled appointment unrelated to the alleged assault and battery. Plaintiff was examined by defendant Nicole Blaha, a nurse, to whom he complained about pain all over his body

2

as a result of the alleged assault and battery. Plaintiff contends defendant Blaha refused to provide plaintiff with any medical treatment beyond what was previously scheduled. Plaintiff alleges that despite numerous requests for medical treatment for his pain and injuries, plaintiff received no medical treatment for injuries arising from the alleged assault and battery until April 2008, when he received an x-ray of his right hand, which showed that he was "permanently disfigured."

In his second amended complaint, plaintiff brings three counts: Count I, against defendants Agnew, Brawley, Boyer, Madison and Blze, for deprivation of civil rights, assault and battery - excessive force; Count II, against defendants Larking, Vallier, Agnew, Brawley, Boyer, Madison, and Blyze, for deprivation of civil rights, assault and battery – failure to protect; and Count III, against defendants Larkins, Vallier, Agnew, Brawley, Boyers, Madison, Blyze, Boyers, Blaha, Conley, and Barton, for deprivation of civil rights, inadequate medical care and treatment.

In their motion to dismiss, defendants Boyer, Barton, and Conley argue plaintiff has failed to state a cognizable § 1983 claim against them. Defendant Boyer argues she provided plaintiff with medical attention, and that plaintiff merely disagrees with the course treatment, which is not actionable under § 1983. Defendants Conley and Barton argue plaintiff has failed to state a claim against them because plaintiff does not allege any facts attributable to them, but rather includes them in a formulaic recitation of the elements of Count III, which, they argue, is not enough under Supreme Court law to state a claim.

## Discussion

I.  **Standard for Motion to Dismiss for Failure to State a Claim.**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a

3

claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

### A. Defendant Susie Boyer

The Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from "deliberate indifference to serious medical needs." Gregoire v. Class, 236 F.3d 413, 417 (8th Cir. 2000). In a deprivation of medical care case, the inmate must show (1) an objectively

4

serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it. See Grayson v. Ross, 454 F.3d 802, 808-09 (8th Cir. 2006).

"An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a 'layperson would easily recognize the necessity for a doctor's attention.'" Jones v. Minnesota Dep't of Corrections, 512 F.3d 478, 483 (8th Cir. 2008). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). "'To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk." Rather, a plaintiff must demonstrate the official actually knew of the risk and deliberately disregarded it.'" Vaughn v. Greene County, Ark., 438 F.3d 845, 850 (8th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The determination that prison officials had actual knowledge of a serious medical need may be inferred from circumstantial evidence or from the very fact that the risk was obvious. See Farmer, 511 U.S. at 842; Jones, 512 F.3d at 483. If prison officials have actual knowledge of a serious medical need, and fail to take reasonable measures to address it, they may held liable for deliberate indifference. See Farmer 511 U.S. at 847. That said, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." Pietrafeso v. Lawrence County, S.D., 452 F.3d 978, 983 (8th Cir. 2006) (quoting Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006)). The determination that a medical need is objectively serious is normally a factual finding. See Rahija, 114 F.3d at 784.

The Court has reviewed plaintiff's complaint, and reading the facts in a light most favorable to plaintiff, the Court finds plaintiff allegations concern more than a disagreement as to the course of his medical treatment. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 595 (8th Cir. 2009) ("on a motion to dismiss, inferences are to be drawn in favor of the non-moving party" and "Twombly

and Iqbal did not change this fundamental tenet of Rule 12(b)(6) practice."). The Court finds plaintiff has stated a claim against defendant Boyer for inadequate medical care and treatment that is plausible on its face and sufficient to survive a motion to dismiss. The motion to dismiss is denied as to defendant Boyer.

        **B.**      **Defendants Kathy Barton and Elizabeth Conley**

As for defendants Kathy Barton and Elizabeth Conley, the Court agrees with defendants that under recent Supreme Court precedent, plaintiff fails to state a claim under the standards of Rule 12(b)(6) because the complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These two defendants are only mentioned in the recitation of the elements of plaintiff's claim of inadequate medical care and treatment. Despite plaintiff's contention otherwise, the allegations that Kathy Barton and Elizabeth Conley, among others, ""failed to provide [plaintiff] with adequate medical care and treatment, and were deliberately indifferent to his health and safety . . ." are not sufficient factual allegations, but rather is a recitation of the elements of the claim. Iqbal, 129 S. Ct. at 1949 (2009) ("[a] pleading that offers [merely] 'labels and conclusions' or " 'naked assertion[s]' devoid of 'further factual enhancement' " does not plausibly establish entitlement to relief under any theory) (quoting Twombly, 550 U.S. at 555). See also C.N. v. Willmar Public Sch. Dist. No. 347, 591 F.3d 624 (8th Cir. 2010) (finding complaint with general allegations of harm elaboration as to the context of the alleged incidents to be insufficient). Plaintiff has detailed his alleged harm and the inadequate treatment he feels he received, but there are no factual allegations as to defendants Barton and Conley's involvement. The Court is puzzled as to what role, if any, they played in the incidents

6

upon which plaintiff's complaint are based. Therefore, the Court finds plaintiff has failed to state a claim as to these two defendants.

In his response to defendants' motion to dismiss, plaintiff urges that if the Court should find that his complaint fails to state claims as to defendants Barton and Conley, these defendants nevertheless should remain in the case so that plaintiff can conduct discovery "to determine the specific roles and responsibilities of each [d]efendant." See Plaintiff's Response Memorandum at 7 (Doc. 61). The Court will not allow defective claims to go forward against these two defendants so that plaintiff can conduct discovery in order that he might later be able to state cognizable claims. This would be abuse of the Federal Rules of Civil Procedure. That said, the Court recognizes that as a prisoner, plaintiff has limited access to information regarding who was making determinations as to when and what medical treatment he should receive. Therefore, the Court will grant defendants' motion to dismiss as to defendants Barton and Conley, but the two defendants will be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Susie Boyer, Kathy Barton, and Elizabeth Conley's motion to dismiss is **GRANTED, in part.** Defendants Kathy Barton and Elizabeth Conley are **DISMISSED, without prejudice.** In all other respects, defendants' motion is **DENIED.**

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

                                                    /s/ Charles A. Shaw
                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of February, 2011.