UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE MCCRANIE-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:10-CV-312 CAS |
| v. ) | |
| ) | |
| EUGENE KENNETH JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Clayton M. Agnew, Melissa Blyze, Kevin Boyer, CO1 Brawley, and Karen Madison's bill of costs. Defendants filed a bill of costs seeking a total of $876.20 in costs. Plaintiff did not file an opposition to the request.

It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Allowable costs, however, are generally limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-43 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

Here, defendants have requested two categories of costs: deposition costs, including transcripts and court reporter fees; and fees for witnesses.

Defendant seeks a total of $663.00 for transcripts costs and court reporter attendance fees incurred in taking plaintiff's deposition. The Court has broad discretion to tax costs of depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997); Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995); Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir. 1975). The Court finds that taking plaintiff's deposition was reasonably necessary for the defense of this case.  Defendants are entitled to $663.00 for the transcripts costs and court reporter attendance fees they incurred in taking plaintiff's deposition.

Defendant also seeks the sum of $213.20 in connection with witness fees and mileage for two witnesses – Susan Boyer and Jesse Maxey. Both of these witnesses were subpoenaed to testify at trial.  The Court finds that defendants are entitled to taxation of the cost of the two witness fees and mileage in the amount of $213.20.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall tax costs of this matter in favor of defendants Clayton M. Agnew, Melissa Blyze, Kevin Boyer, CO1 Brawley, and Karen Madison in the amount of Eight Hundred Seventy-Six Dollars and Twenty Cents ($876.20). [Doc. 178]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of November, 2012.

2